UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Basil Benna Dudley, | Case No. 21-cv-563 (ECT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

This matter is before the Court on Petitioner Basil Benna Dudley's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1 ("Petition"); and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 ("IFP Application"). For the following reasons, the Court recommends dismissing the Petition without prejudice and denying the IFP Application as moot.

In 2013, Dudley pleaded guilty in the Ramsey County District Court to one count of first-degree criminal sexual conduct. *See* Pet. 1;[1] *see also* Register of Action, *State v. Dudley*, No. 62-CR-13-1482 (Minn. Dist. Ct.) ("State-Court Docket").[2] A Ramsey County judge later sentenced Dudley to 144 months imprisonment. *See* Pet. 1; State-Court Docket. Dudley is presently incarcerated at the Minnesota Correctional Facility in

---

[1] Citations to materials filed in this action use the page numbers provided by the Court's CM/ECF system.

[2] The materials cited herein from Dudley's state-court action are not attached to any materials provided to the Court in the present action. They are publicly accessible online, however, and this Court may take judicial notice of public court records. *See, e.g.*, *Amen El v. Schnell*, No. 20-CV-1327 (DSD/ECW), 2021 WL 509280, at *4 (D. Minn. Feb. 11, 2021) (citing *Graham v. U.S. Marshal*, No. 20-CV-1204 (WMW/LIB), 2020 WL 4060731, at *1 n.1 (D. Minn. June 29, 2020)).

Faribault, Minnesota.  *See* Offender Locator—Basil Benna Dudley, *available at* http://coms.doc.state.mn.us (last accessed Mar. 2, 2021).

Dudley has repeatedly attacked his conviction and/or sentence.  After his sentencing, he unsuccessfully challenged his sentence on direct appeal.  *See* Pet. 2; *State v. Dudley*, No. A14-0188, 2014 WL 4798939, at *1 (Minn. Ct. App. Sept. 29, 2014).  In February 2016, he filed a § 2254 petition in this District challenging his conviction.  *See* Pet. 3; *Dudley v. Minnesota*, No. 16-CV-0446 (JRT/TNL), 2017 WL 553382 (D. Minn. Feb. 10, 2017).  Magistrate Judge Tony N. Leung recommended dismissing that petition, Dudley did not object, and Judge John R. Tunheim adopted the recommendation and dismissed the petition.  *See Dudley*, 2017 WL 553382, at *1.  Finally, in December 2016 and in October 2018, Dudley filed unsuccessful state-court petitions for postconviction review; he did not appeal the order denying the December 2016 petition, and his appeal of the order denying the October 2018 petition was unsuccessful.  *See* State-Court Docket; Order Op., *Dudley v. State*, No. A19-0601 (Minn. Ct. App. Oct. 24, 2019).

The present Petition again challenges the validity of Dudley's conviction in No. 62-CR-13-1482.  *See, e.g.*, Pet. 1.  It raises one ground for review, though this seems to have multiple parts.  Dudley first asserts that certain of his earlier attorneys "were ineffective by not putting the factual facts on record and refus[ing] to represent [thoroughly] and accordingly."  *Id.* at 7.  He points here to a December 2012 report by Midwest Children's Resource Center detailing an interview with an abuse victim.  *See* ECF No. 1-1.[3]  Dudley also asserts that "there was DNA that didn't match victim nor

---

[3] Dudley has made handwritten comments on this document that purportedly show discrepancies or problems with the victim's statements.  *See* ECF No. 1-1.

2

alleged defendant." Pet. 7. The claim here is not entirely clear, and while Dudley cites here one of his petitions for postconviction review, *see id.*, he has not submitted that document to the Court.

The Court lacks jurisdiction to consider the Petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The pending Petition is plainly "second or successive"; it challenges the same conviction that Dudley has already challenged in federal court. *Cf. Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."). Without authorization from the U.S. Court of Appeals for the Eighth Circuit, this Court cannot adjudicate the Petition's merits.

This leads to the question of whether the Court should dismiss the Petition or transfer it to the Eighth Circuit for further consideration of whether to authorize the Petition under § 2244(b)(3)(A). This Court recommends dismissal. The Petition's claims do not fit any of the criteria for authorization set forth in § 2244(b)(2): they are not based upon a new constitutional-law rule; there is no obvious reason why Dudley could not have discovered "the factual predicate for the claim[s]" long ago; and the facts asserted are not "sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found [Dudley] guilty of the underlying offense." Given these points, the Court does not believe that the Eighth Circuit would authorize the Petition, so the Court

recommends that the Petition be dismissed rather than transferred.[4]  Because of this recommendation, the Court further recommends denying the IFP Application as moot.

Finally, a § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"—as here— "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).  In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat Dudley's Petition differently than it is being treated here.  It is therefore recommended that Dudley not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, this Court RECOMMENDS:

1.  This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2.  Petitioner's Application to Proceed in District Court Without Prepaying

---

[4] Of course, Dudley may seek authorization from the Eighth Circuit himself, notwithstanding this Court's recommendation of dismissal.

Fees or Costs, ECF No. 2, be **DENIED** as moot.

    3.      No certificate of appealability be issued.

Dated: March 2, 2021                                      s/David T. Schultz
                                                                            DAVID T. SCHULTZ
                                                                            U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).