UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Basil Benna Dudley | File No. 21-cv-563 (ECT/DTS) |
| Petitioner, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

---

Petitioner Basil Benna Dudley commenced this action pro se by filing a petition for a writ of habeas corpus. ECF No. 1. The case is before the Court on a Report and Recommendation [ECF No. 7] issued by Magistrate Judge David T. Schultz. Magistrate Judge Schultz recommends dismissing Dudley's petition without prejudice for lack of subject-matter jurisdiction. R&R at 4. Dudley filed objections to the Report and Recommendation.[1] ECF No. 10. Because Dudley has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and has concluded that Magistrate Judge Schultz's analysis and conclusions are correct.

---

[1] Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the R&R. Magistrate Judge Schultz issued his R&R on March 2, 2021. ECF No. 7. Because Dudley was served with the R&R by mail, his deadline to file objections was extended to March 19 and his objections are therefore timely. *See* Fed. R. Civ. P. 6(a), 6(d).

Before a "second or successive" habeas corpus petition under 28 U.S.C. § 2254 is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not define "second or successive," but the United States Supreme Court has recognized it as "a term of art that incorporates the abuse of the writ doctrine from before AEDPA's enactment." *Crawford v. Minnesota*, 698 F.3d 1086, 1089 (8th Cir. 2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)); *see Banister v. Davis*, 140 S. Ct. 1698, 1705–06 (2020). The term "does not encompass all applications filed second or successively in time." *Crawford*, 698 F.3d at 1089 (citation omitted); *see Banister*, 140 S. Ct. at 1705. A petitioner abuses a writ of habeas corpus "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991); *see Banister*, 140 S. Ct. at 1706 ("[W]e have asked whether a type of later-in-time filing would have constituted an abuse of the writ as that concept is explained in our pre-AEDPA cases. If so, it is successive; if not, likely not." (cleaned up)); *cf. Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) ("Where a claimant could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining [] authorization."). "When considering a habeas corpus application under § 2254, 'the phrase "second or successive" must be interpreted with respect to the *judgment* challenged.'" *Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) (quoting *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)).

Dudley's petition is "second or successive." He seeks to challenge the same conviction that he challenged in his previous habeas petition. *See* ECF No. 1; *Dudley v. Minnesota*, No. 16-cv-446 (JRT/TNL), 2017 WL 579948 (D. Minn. Jan. 25, 2017), *report and recommendation adopted*, 2017 WL 553382 (D. Minn. Feb. 10, 2017). Moreover, he does not raise any claim that was not presented or could not have been raised in his initial habeas petition. *See id.*; *see also, e.g.*, *Castillo-Alvarez v. Miles*, No. 17-cv-3324 (PJS/TNL), 2017 WL 5956696, at *1 (D. Minn. Dec. 1, 2017) (concluding petition was "plainly 'second or successive'" because petitioner had not made any argument "that was not already raised—or could not have been raised—in [his] first petition). In his objections, Dudley acknowledges that he seeks review of evidence that "was part [of] the evidence that was used in all previous court processes." ECF No. 10 at 3; *see* ECF No. 3. Accordingly, Dudley's petition is subject to the authorization requirement in § 2244(b)(3)(A). Absent authorization from the Eighth Circuit Court of Appeals, Dudley's petition cannot be considered.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

    1.    Petitioner Basil Benna Dudley's Objections to the Report and Recommendation [ECF No. 10] are **OVERRULED**;

    2.    The Report and Recommendation [ECF No. 7] is **ACCEPTED** in full;

    3.    This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction;

4. Petitioner Basil Benna Dudley's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2] is **DENIED** as moot; and

5. No certificate of appealability will be issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 7, 2021                         s/ Eric C. Tostrud
                                             Eric C. Tostrud
                                             United States District Court